THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* STEPHEN OLYLA, Appellant.

County Court, Westchester County, November 14, 1944.

*Edward Lauterbach* for appellant.

*John D. Masterton* for respondent.

SCHMIDT, J. This is an appeal from a judgment of the Yonkers City Court entered upon a plea of guilty to an information charging defendant with violation of a price regulation of the Office of Price Administration which by action of the New York State War Council pursuant to chapter 445 of the Laws of 1942 and amendments thereto (L. 1942, ch. 544) had become a violation of New York State law (Order No. 18 [1944–1945], as amd. May 4, 1944, of New York State War Council). The information prayed that the defendant be dealt with according to law as provided for in the New York State War Emergency Act and the local ordinance.

The local ordinance purports to make this violation a misdemeanor punishable by a fine not exceeding $100 or ninety days' imprisonment or both. The War Emergency Act defines such a violation as an " infraction " only and punishable by a fine of not more than $25 or imprisonment for not more than five days or both. (New York State War Emergency Act, § 100, subd. [d]; § 101, subd. 6; § 102.)

Since the local ordinance provides penalties greater than those established by State law the ordinance, being in excess of authority legally conferred, is invalid.

The judgment and sentence are therefore modified as follows: the defendant is found guilty of an infraction and not a misdemeanor and the fine is reduced to $25.

Submit order.

(On reargument, January 17, 1945.)

Motion to reargue denied.

The Yonkers City ordinance is invalid. It is admitted that the City Council had no authority to declare the violation a misdemeanor and that the penalty exceeded that allowed by State law.

The Legislature conferred upon the State War Council the right to declare a violation of the regulations of the Office of Price Administration of the national Government to be an infraction of State law and impose a penalty. Such penalty has been set at $25.

The definition of the offense, i.e., a misdemeanor and the penalty, i.e., $50 as set forth in the Yonkers City ordinance are both void. Nothing is then left of the ordinance but duplication of the regulations of the War Council. With these essentials of an ordinance — definition and penalty — lacking, the ordinance is invalid.

Submit order.